# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NIKE, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>NEW BALANCE ATHLETICS, INC.<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff Nike, Inc. ("Nike") for its Complaint against Defendant New Balance Athletics, Inc. ("New Balance") alleges as follows:

1.      Nike's Flyknit is a game-changing technology.  Flyknit resulted from more than a decade of Nike's research and development, and it has been hailed as "the most groundbreaking sneaker innovation in over 40 years."[1]  Nike's Flyknit technology provides a novel method of designing and manufacturing shoe uppers, which enables Nike to create footwear with excellent performance, design, and aesthetics—all while reducing materials and waste.  An early example of a Nike Flyknit shoe upper is shown below.



---

[1] Carly Fink, *Nike: Sustainability and Innovation through Flyknit Technology*, N.Y.U. STERN CTR. FOR SUSTAINABLE BUS. (August 2016), available at: https://www.stern.nyu.edu/sites/default/files/assets/documents/Nike_Carly_04.2017%20-%20Copy.pdf.

2.      Nike has taken steps to protect its Flyknit technologies by filing and obtaining patents around the world.

3.      Due to the success of Flyknit, many of Nike's competitors have copied and made unauthorized use of Nike's Flyknit technologies.  Nike has enforced its patents against those companies.  *See, e.g., Nike, Inc. v. PUMA North America, Inc.*, Case No.  1:18-cv-10875 (D. Mass); *Nike, Inc. v. adidas AG et al.*, Case No. 3:21-cv-01780-YY (D. Oregon); *In re: Certain Knitted Footwear*, Inv. No. 337-TA-1289 (U.S.I.T.C.); *Nike, Inc. v. lululemon usa inc.*, Case No. 1:23-cv-00771-JPO (S.D.N.Y.).

4.      New Balance has likewise used Nike's Flyknit technologies without authorization. Despite several communications from Nike, New Balance has refused to cease its infringement of Nike's patents.  Instead, New Balance has only escalated the scope of its infringing activities.

## THE PARTIES

5.      Nike is a corporation organized under the laws of the State of Oregon with a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

6.      On information and belief, New Balance Athletics, Inc. is a Massachusetts corporation with its principal place of business at 100 Guest Street, Boston, Massachusetts 02135. New Balance operates retail stores, advertises, markets, distributes, and/or sells retail merchandise in Boston, Massachusetts and throughout the world.

## JURISDICTION AND VENUE

7.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over New Balance because New Balance is at home in Massachusetts, being incorporated in and having its principal place of business there. Further, New Balance has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1400 because New Balance is headquartered in this District, maintains a regular and established place of business in this District, and has committed, and continues to commit, acts of infringement in this District, including but not limited to making, using, offering to sell, selling, and/or importing products that infringe one or more claims of Nike's patents at issue in this lawsuit.

## FACTUAL BACKGROUND

10.      Nike's principal business activity is the design, development and worldwide marketing and selling of athletic footwear, apparel, and equipment.  Nike invests heavily in research, design, and development, and those efforts are key to Nike's success.  Nike's investments have led to many innovative technologies and products that enhance athletic performance, reduce injury, and maximize comfort.  Flyknit is one example of Nike's relentless commitment to revolutionary technology.

11.      Relevant to this dispute, Nike owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, the patents directed to its Flyknit technology as claimed in U.S. Patent Nos. 8,266,749; 8,898,932; 9,060,562; 9,510,636; 9,730,484; 9,907,350; 9,918,511; 9,924,758; and 11,707,105 (collectively, the "Asserted Patents").  The U.S. Patent and Trademark Office duly and legally issued each of the Asserted Patents. A true and

correct copy of each of the Asserted Patents is attached as an exhibit to the Complaint as shown

below.  The Asserted Patents are presumed to be valid.

| Patent Number | Issue Date | Complaint Ex. |
|---|---|---|
| U.S. Patent No. 8,266,749 | September 18, 2012 | 4 |
| U.S. Patent No. 8,898,932 | December 2, 2014 | 5 |
| U.S. Patent No. 9,060,562 | June 23, 2015 | 6 |
| U.S. Patent No. 9,510,636 | December 6, 2016 | 7 |
| U.S. Patent No. 9,730,484 | August 15, 2017 | 8 |
| U.S. Patent No. 9,907,350 | March 6, 2018 | 9 |
| U.S. Patent No. 9,918,511 | March 20, 2018 | 10 |
| U.S. Patent No. 9,924,758 | March 27, 2018 | 11 |
| U.S. Patent No. 11,707,105 | July 25, 2023 | 12 |

12.     Nike gives the public notice of at least the asserted '749, '932, '562, '350, and '511

patents by marking its products pursuant to 35 U.S.C § 287(a), including by virtually marking

products at http://www.nike.com/patentsvirtualmarking.

13.     On January 31, 2023, Nike sent a letter to New Balance, setting forth its

infringement claims as to certain Nike patents.  Ex. 1, Letter from Fogarty to Gauron and Enclosed

Claim Charts (January 31, 2023).

14.     On March 3, 2023, Nike sent a second letter to New Balance, reiterating its

infringement claims and demanding that New Balance cease its infringing activities.  Ex. 2, Letter

from Fogarty to Dewar (March 3, 2023).

15.     On September 1, 2023, Nike sent a third letter to New Balance regarding its

infringement of the Nike patents, identifying additional New Balance products that infringe Nike's

patents.  Ex. 3, Letter from Fogarty to Dewar (September 1, 2023).   Nike again demanded that

New Balance cease its infringing activities.

16.     New Balance continues to make, use, offer for sale, sell, and/or import into the United States products that practice the claimed inventions of the Asserted Patents.  On information and belief, New Balance continues to introduce new and additional knit footwear styles.  New Balance's infringement is accelerating in breath and scope despite notice from Nike.

17.     New Balance's products that infringe claims of the Asserted Patents include at least the Fresh Foam More Trail v3, Fresh Foam X 1080 Unlaced, Fresh Foam X 1080 v12, Fresh Foam X 860 v13, Fresh Foam X Evoz v3 Slip Resistant, Fresh Foam X More v4, Fresh Foam X Vongo v5, FuelCell MD-X, FuelCell Propel v4, FuelCell Rebel v3, FuelCell SuperComp Elite v3, FuelCell SuperComp Trainer, FuelCell SuperComp XC-X, FuelCell SD100 v5, Furon V6+ Pro FG, Furon V7 Pro FG, Tekela v3+ Pro FG, Tekela v4 Magia FG, Tekela v4 Pro FG, Tekela v4 Pro Low FG , and XC Seven v4 footwear products shown below (the "Infringing Products").

| Fresh Foam X 1080 v12 | Fresh Foam X Vongo v5 |
| --- | --- |
|  |  |
| **FuelCell SuperComp Trainer** | **Tekela v4 Magia FG** |
|  |  |



| Tekela v4 Pro FG | FuelCell MD-X |
|---|---|
| Fresh Foam X 1080 Unlaced | Furon V7 Pro FG |
| Furon V6+ Pro FG | Tekela v3+ Pro FG |
| Fresh Foam X 860 v13 | FuelCell Rebel v3 |

| FuelCell SuperComp Elite v3 | FuelCell Propel v4 |
| --- | --- |
| **Fresh Foam More Trail v3** | **XC Seven v4** |
| **FuelCell SuperComp XC-X** | **Tekela v4 Pro Low FG** |
| **Fresh Foam X More v4** | **Fresh Foam X Evoz v3 Slip Resistant** |
| **FuelCell SD100 v5** | |



18.     On information and belief, New Balance sells and offers to sell the Infringing Products directly to customers through its e-commerce website, https://www.newbalance.com/, its retail stores, and through authorized retailers, wholesalers, and distributors.

19.     On information and belief, New Balance sells the Infringing Products directly to customers in the United States, including in this District.

20.     New Balance has infringed, and continues to infringe, the Asserted Patents by making, using, selling, offering to sell, and/or importing the Infringing Products in this District and elsewhere in the United States without the consent or authorization of Nike.

**FIRST CLAIM FOR RELIEF**
**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 8,266,749)**

21.     Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–20 of this Complaint.

22.     U.S. Patent No. 8,266,749 (the "'749 patent") is generally directed to a method of manufacturing an article of footwear with a textile element, where the textile element is simultaneously knitted with a surrounding textile structure, and the textile element has a knitted texture that differs from the knitted texture in the surrounding textile structure.

23.     For example, claim 1 of the '749 patent recites:

> A method of manufacturing an article of footwear, the method comprising:
> simultaneously knitting a textile element with a surrounding textile structure, the knitted textile element having at least one knitted texture that differs from a knitted texture in the surrounding knitted textile structure;
> removing the knitted textile element from the surrounding knitted textile structure;
> incorporating the knitted textile element into the article of footwear.

24.     On information and belief, New Balance directly infringes at least claim 1 of the '749 patent under at least § 271(g). For example, New Balance imports into the United States at least the Fresh Foam X 860 v13, Fresh Foam X More v4, FuelCell SuperComp Trainer, FuelCell Rebel v3, FuelCell Propel v4, Fresh Foam More Trail v3, XC Seven v4, FuelCell SuperComp XC-X, and FuelCell SD100 v5 (the "'749 Infringing Products"), which, as shown in greater detail in Exhibit 13 attached hereto, were manufactured using a process that satisfies each and every limitation of claim 1 because, on information and belief, New Balance manufactures (or has manufactured for it) those shoes by simultaneously knitting a textile element with a surrounding textile structure, the knitted textile element having at least one knitted texture that differs from a knitted texture in the surrounding knitted textile structure; removing the knitted textile element from the surrounding knitted textile structure; and incorporating the knitted textile element into the article of footwear.

25.     On information and belief, the '749 Infringing Products are not materially changed by subsequent processes after importation, nor do those products become a trivial or nonessential component of another product after importation.

26.     On information and belief, New Balance has actively induced and is actively inducing infringement of at least claim 1 of the '749 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce infringement, in violation of 35 U.S.C. § 271(b).  For example, on information and belief, New Balance encourages and induces its third-party manufacturer(s) to manufacture or import the '749 Infringing Products. As a further example, on information and belief, New Balance also encourages and induces its "Authorized New Balance Dealers," wholesale customers, and distributor customers to import the '749 Infringing Products.

27.    Nike has suffered, and continues to suffer, economic harm as a result of New Balance's infringing activities in an amount to be proven at trial.

28.    New Balance's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins New Balance's infringing activities under 35 U.S.C. § 283.

29.    On information and belief, New Balance's infringement of the '749 patent will continue unless enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 8,898,932)**

30.    Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–29 of this Complaint.

31.    U.S. Patent No. 8,898,932 (the "'932 patent") is generally directed to an article of footwear that includes an upper comprising a knitted component that includes a foot part and an ankle part, and a skin layer that is thermally bonded to the knitted component and covers at least a portion of the foot part, but is absent from the ankle part, of the knitted component.

32.    For example, claim 11 of the '932 patent recites:

> An article of footwear having an upper and a sole structure secured to the upper, the upper comprising:
> a knitted component that includes (a) a foot part for covering at least a portion of a foot of a wearer and (b) an ankle part for covering at least a portion of an ankle of the wearer, the foot part and the ankle part being formed of unitary knit construction; and
> a skin layer that is thermally bonded to the knitted component, the skin layer covering at least a portion of the foot part of the knitted component and forming a portion of an exterior surface of the upper, the skin layer being absent from the ankle part of the knitted component.

33.    On information and belief, New Balance directly infringes at least claim 11 of the '932 patent under at least § 271(a) by making, using, offering for sale, and/or selling footwear

products that infringe one or more claims of the '932 patent, literally or under the doctrine of equivalents.  For example, New Balance sells at least the Tekela v4 Pro FG, Tekela v4 Pro Low FG, Tekela v4 Magia FG, Tekela v3+ Pro FG, FuelCell SuperComp Elite v3, FuelCell Propel v4, FuelCell SuperComp XC-X, FuelCell SD100 v5, and XC Seven v4 (the "'932 Infringing Products"), which, as shown in greater detail in Exhibit 14 attached hereto, are, on information and belief, an article of footwear having an upper and a sole structure secured to the upper, the upper comprising a knitted component that includes (a) a foot part for covering at least a portion of a foot of a wearer and (b) an ankle part for covering at least a portion of an ankle of the wearer, the foot part and the ankle part being formed of unitary knit construction, and a skin layer that is thermally bonded to the knitted component, the skin layer covering at least a portion of the foot part of the knitted component and forming a portion of an exterior surface of the upper, the skin layer being absent from the ankle part of the knitted component.

34.    On information and belief, New Balance has actively induced and is actively inducing infringement of at least claim 11 of the '932 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce infringement, in violation of 35 U.S.C. § 271(b).  For example, on information and belief, New Balance encourages and induces its third-party manufacturer(s) to manufacture or import the '932 Infringing Products. As a further example, on information and belief, New Balance encourages and induces its "Authorized New Balance Dealers," wholesale customers, and distributor customers to sell, offer to sell, or import the '932 Infringing Products.

35.    Nike has suffered, and continues to suffer, economic harm as a result of New Balance's infringing activities in an amount to be proven at trial.

36.     New Balance's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins New Balance's infringing activities under 35 U.S.C. § 283.

37.     On information and belief, New Balance's infringement of the '932 patent will continue unless enjoined by this Court.

**THIRD CLAIM FOR RELIEF**
**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,060,562)**

38.     Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–37 of this Complaint.

39.     U.S. Patent No. 9,060,562 (the "'562 patent") is generally directed to a method of manufacturing a knitted component for an article of footwear, the method including knitting an upper with an integral knit tongue during a knitting process, where the integral knit tongue extends through a throat area of the knitted component.

40.     For example, claim 1 of the '562 patent recites:

> A method of manufacturing a knitted component for an article of footwear, the method comprising:
>
> knitting a portion of the knitted component defining an upper with a knitting machine, the upper including a portion of at least one of an exterior surface of the knitted component and an opposite interior surface of the knitted component; and
>
> knitting an integral knit tongue that is of unitary knit construction with the upper with the knitting machine, the integral knit tongue extending through a throat area of the knitted component; and
>
> wherein the integral knit tongue is joined by knitting with the knitting machine to: (1) a forward portion of the throat area, and (2) at least along a portion of both of a lateral side and a medial side of the throat area of the knitted component extending through a portion of a length of the throat area in a longitudinal direction from the forward portion to an ankle opening of the upper.

41.     On information and belief, New Balance directly infringes at least claim 1 of the '562 patent under at least § 271(g). For example, New Balance imports into the United States at least the FuelCell SuperComp Elite v3 (the "'562 Infringing Product"), which, as shown in greater detail in Exhibit 15 attached hereto, was manufactured using a process that satisfies each and every limitation of claim 1 because, on information and belief, New Balance manufactures (or has manufactured for it) those shoes by knitting a portion of the knitted component defining an upper with a knitting machine, the upper including a portion of at least one of an exterior surface of the knitted component and an opposite interior surface of the knitted component, and knitting an integral knit tongue that is of unitary knit construction with the upper with the knitting machine, the integral knit tongue extending through a throat area of the knitted component, wherein  the integral knit tongue is joined by knitting with the knitting machine to: (1) a forward portion of the throat area, and (2) at least along a portion of both of a lateral side and a medial side of the throat area of the knitted component extending through a portion of a length of the throat area in a longitudinal direction from the forward portion to an ankle opening of the upper.

42.     On information and belief, the '562 Infringing Product is not materially changed by subsequent processes after importation, nor does that product become a trivial or nonessential component of another product after importation.

43.     On information and belief, New Balance has actively induced and is actively inducing infringement of at least claim 1 of the '562 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce infringement, in violation of 35 U.S.C. § 271(b).  For example, on information and belief, New Balance encourages and induces its third-party manufacturer(s) to manufacture or import the '562 Infringing Product. As a further example, on information and belief, New Balance also encourages and induces its

"Authorized New Balance Dealers," wholesale customers, and distributor customers to import the '749 Infringing Products.

44.     Nike has suffered, and continues to suffer, economic harm as a result of New Balance's infringing activities in an amount to be proven at trial.

45.     New Balance's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins New Balance's infringing activities under 35 U.S.C. § 283.

46.     On information and belief, New Balance's infringement of the '562 patent will continue unless enjoined by this Court.

**FOURTH CLAIM FOR RELIEF**
**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,510,636)**

47.     Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–46 of this Complaint.

48.     U.S. Patent No. 9,510,636 (the "'636 patent") is generally directed to an article of footwear that incorporates a knitted component having an upper and an integral knit tongue, where the integral knit tongue is formed of unitary knit construction with the upper and extends through the throat area of the knitted component.

49.     For example, claim 1 of the '636 patent recites:

> An article of footwear having an upper and a sole structure secured to the upper, the article of footwear incorporating a knitted component comprising:
>> a portion of the knitted component defining the upper, the upper including a portion of at least one of an exterior surface of the knitted component and an opposite interior surface of the knitted component, the interior surface defining a void for receiving a foot; and
>> an integral knit tongue formed with the upper and extending through a throat area of the knitted component; and

14

at least one raised element extending a height above the
exterior surface of the knitted component,

wherein the integral knit tongue is joined to a forward
portion of the throat area and at least along a portion of
a lateral side and a medial side of the throat area of the
knitted component extending from the forward portion
to an ankle opening of the upper.

50.     On information and belief, New Balance directly infringes at least claim 1 of the
'636 patent under at least § 271(a) by making, using, offering for sale, and/or selling footwear
products that infringe one or more claims of the '636 patent, literally or under the doctrine of
equivalents.  For example, New Balance sells at least the FuelCell SuperComp Elite v3 (the "'636
Infringing Product"), which, as shown in greater detail in Exhibit 16 attached hereto, includes, on
information and belief, an article of footwear having an upper and a sole structure secured to the
upper, the article of footwear incorporating a knitted component comprising a portion of the knitted
component defining the upper, the upper including a portion of at least one of an exterior surface
of the knitted component and an opposite interior surface of the knitted component, the interior
surface defining a void for receiving a foot, and an integral knit tongue formed with the upper and
extending through a throat area of the knitted component, and at least one raised element extending
a height above the exterior surface of the knitted component, wherein the integral knit tongue is
joined to a forward portion of the throat area and at least along a portion of a lateral side and a
medial side of the throat area of the knitted component extending from the forward portion to an
ankle opening of the upper.

51.     On information and belief, New Balance has actively induced and is actively
inducing infringement of at least claim 1 of the '636 patent with specific intent to induce
infringement, and/or willful blindness to the possibility that its acts induce infringement, in
violation of 35 U.S.C. § 271(b).  For example, on information and belief, New Balance encourages

and induces its third-party manufacturer(s) to manufacture or import the '636 Infringing Product. As a further example, on information and belief, New Balance encourages and induces its "Authorized New Balance Dealers," wholesale customers, and distributor customers to sell, offer to sell, or import the '636 Infringing Product.

52.    Nike has suffered, and continues to suffer, economic harm as a result of New Balance's infringing activities in an amount to be proven at trial.

53.    New Balance's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins New Balance's infringing activities under 35 U.S.C. § 283.

54.    On information and belief, New Balance's infringement of the '636 patent will continue unless enjoined by this Court.

**FIFTH CLAIM FOR RELIEF**
**(Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,730,484)**

55.    Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–54 of this Complaint.

56.    U.S. Patent No. 9,730,484 (the "'484 patent") is generally directed to an article of footwear having a flat knit upper of a desired three-dimensional shape.

57.    For example, claim 1 of the '484 patent recites:

> An article of footwear comprising an upper including a flat-knitted element formed from at least one yarn mechanically manipulated in a flat-knitting process, the flat-knitted element including a first layer having:
>> a central portion having a domed, three-dimensional structure configured for extending over the top of a foot;
>> a first side portion being formed of unitary construction with the central portion and extending from a first side of the central portion; and
>> a second side portion being formed of unitary construction with the central portion and extending from a second side

16

opposite the first side of the central portion, the domed, three-dimensional structure shaped to extend above the plane of the first side portion and the second side portion when the flat-knitted element is in a flattened configuration.

58.     On information and belief, New Balance directly infringes at least claim 1 of the '484 patent under at least § 271(a) by making, using, offering for sale, and/or selling footwear products that infringe one or more claims of the '484 patent, literally or under the doctrine of equivalents.  For example, New Balance sells at least the Fresh Foam X 1080 v12, Fresh Foam X Vongo v5, Fresh Foam X 1080 UNLACED, Fresh Foam X 860 v13, Fresh Foam X More v4, FuelCell SuperComp Trainer, FuelCell MD-X, FuelCell Rebel v3, Tekela v3+ Pro FG, Tekela v4 Magia FG, Tekela v4 Pro FG, Tekela v4 Pro Low FG, Furon V7 Pro FG, Furon V6+ Pro FG, FuelCell SuperComp Elite v3, FuelCell Propel v4, Fresh Foam More Trail v3, XC Seven v4, FuelCell SuperComp XC-X, Fresh Foam X Evoz v3 Slip Resistant, and FuelCell SD100 v5 (the "'484 Infringing Products"), which, as shown in greater detail in Exhibit 17 attached hereto, include, on information and belief, an article of footwear comprising an upper including a flat-knitted element formed from at least one yarn mechanically manipulated in a flat-knitting process, the flat-knitted element including a first layer having a central portion having a domed, three-dimensional structure configured for extending over the top of a foot, a first side portion being formed of unitary construction with the central portion and extending from a first side of the central portion, and a second side portion being formed of unitary construction with the central portion and extending from a second side opposite the first side of the central portion, the domed, three-dimensional structure shaped to extend above the plane of the first side portion and the second side portion when the flat-knitted element is in a flattened configuration.

59.     On information and belief, New Balance has actively induced and is actively inducing infringement of at least claim 1 of the '484 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce infringement, in violation of 35 U.S.C. § 271(b).  For example, on information and belief, New Balance encourages and induces its third-party manufacturer(s) to manufacture or import the '484 Infringing Products.  As a further example, on information and belief, New Balance encourages and induces its "Authorized New Balance Dealers," wholesale customers, and distributor customers to sell, offer to sell, or import the '484 Infringing Products.

60.     Nike has suffered, and continues to suffer, economic harm as a result of New Balance's infringing activities in an amount to be proven at trial.

61.     New Balance's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins New Balance's infringing activities under 35 U.S.C. § 283.

62.     On information and belief, New Balance's infringement of the '484 patent will continue unless enjoined by this Court.

### SIXTH CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,907,350)

63.     Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–62 of this Complaint.

64.     U.S. Patent No. 9,907,350 (the "'350 patent") is generally directed to an article of footwear that includes an upper comprising a flat knit textile element having a plurality of apertures in a forefoot region, a nontextile element secured to the portion of the flat knit textile element defining the heel region; one or more strips of non-textile material secured to the flat knit textile element on a lateral side; and a sole structure secured to the upper.

65.     For example, claim 1 of the '350 patent recites:

> An upper for an article of footwear, the upper comprising:
> a flat knit textile element having (1) flat knit edges free of surrounding textile structure such that the flat knit edges are not surrounded by textile structure from which the flat knit textile element must be removed, and (2) a plurality of apertures formed by omitting stitches in a first portion of the flat knit textile element defining a forefoot region of the upper;
> a non-textile element secured to a second portion of the flat knit textile element defining the heel region of the upper; and
> one or more strips of non-textile material secured to a third portion of the flat knit textile element on a lateral side of the upper.

66.     On information and belief, New Balance directly infringes at least claim 1 of the '350 patent under at least § 271(a) by making, using, offering for sale, and/or selling footwear products that infringe one or more claims of the '350 patent, literally or under the doctrine of equivalents. For example, New Balance sells at least the Fresh Foam X 1080 v12, Fresh Foam X Vongo v5, Fresh Foam X 1080 UNLACED, Fresh Foam X Evoz v3 Slip Resistant, and FuelCell SuperComp Elite v3 (the "'350 Infringing Products"), which, as shown in greater detail in Exhibit 18 attached hereto, contain, on information and belief, an upper for an article of footwear, the upper comprising a flat knit textile element having (1) flat knit edges free of surrounding textile structure such that the flat knit edges are not surrounded by textile structure from which the flat knit textile element must be removed, and (2) a plurality of apertures formed by omitting stitches in a first portion of the flat knit textile element defining a forefoot region of the upper, a non-textile element secured to a second portion of the flat knit textile element defining the heel region of the upper, and one or more strips of non-textile material secured to a third portion of the flat knit textile element on a lateral side of the upper.

67.     On information and belief, New Balance has actively induced and is actively inducing infringement of at least claim 1 of the '350 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce infringement, in violation of 35 U.S.C. § 271(b).  For example, on information and belief, New Balance encourages and induces its third-party manufacturer(s) to manufacture or import the '350 Infringing Products. As a further example, on information and belief, New Balance encourages and induces its "Authorized New Balance Dealers," wholesale customers, and distributor customers to sell, offer to sell, or import the '350 Infringing Products.

68.     Nike has suffered, and continues to suffer, economic harm as a result of New Balance's infringing activities in an amount to be proven at trial.

69.     New Balance's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins New Balance's infringing activities under 35 U.S.C. § 283.

70.     On information and belief, New Balance's infringement of the '350 patent will continue unless enjoined by this Court.

## SEVENTH CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,918,511)

71.     Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–70 of this Complaint.

72.     U.S. Patent No. 9,918,511 (the "'511 patent") is generally directed to an upper for an article of footwear, which comprises a flat knit textile having first and second knit strips that have different properties and that are positioned adjacent to each other along the lateral or medial side of the upper.

73.     For example, claim 1 of the '511 patent recites:

An upper for an article of footwear, the upper comprising:
a flat knit textile element comprising (1) flat knit edges free of surrounding textile structure such that the flat knit edges are not surrounded by textile structure from which the textile element must be removed, at least one flat knit edge being a curved flat knit edge, and (2) a first knit strip having a first property and a second knit strip having a second property that is different from the first property;
wherein the first knit strip and the second knit strip are positioned adjacent to each other along one or more of a lateral side and a medial side of the upper.

74.    On information and belief, New Balance directly infringes at least claim 1 of the '511 patent under at least § 271(a) by making, using, offering for sale, and/or selling footwear products that infringe one or more claims of the '511 patent, literally or under the doctrine of equivalents.  For example, New Balance sells at least the Fresh Foam X 1080 v12, Fresh Foam X Vongo v5, Fresh Foam X 1080 UNLACED, FuelCell SuperComp Trainer, FuelCell MD-X, Tekela v4 Magia FG, Tekela v4 Pro FG, Tekela v4 Pro Low FG, FuelCell SuperComp Elite v3, Fresh Foam X Evoz v3 Slip Resistant (the "'511 Infringing Products"), which, as shown in greater detail in Exhibit 19 attached hereto, contain, on information and belief, an upper for an article of footwear, the upper comprising a flat knit textile element comprising (1) flat knit edges free of surrounding textile structure such that the flat knit edges are not surrounded by textile structure from which the textile element must be removed, at least one flat knit edge being a curved flat knit edge, and (2) a first knit strip having a first property and a second knit strip having a second property that is different from the first property, wherein the first knit strip and the second knit strip are positioned adjacent to each other along one or more of a lateral side and a medial side of the upper.

75.    On information and belief, New Balance has actively induced and is actively inducing infringement of at least claim 1 of the '511 patent with specific intent to induce

infringement, and/or willful blindness to the possibility that its acts induce infringement, in violation of 35 U.S.C. § 271(b).  For example, on information and belief, New Balance encourages and induces its third-party manufacturer(s) to manufacture or import the '511 Infringing Products. As a further example, on information and belief, New Balance encourages and induces its "Authorized New Balance Dealers," wholesale customers, and distributor customers to sell, offer to sell, or import the '511 Infringing Products.

76.     Nike has suffered, and continues to suffer, economic harm as a result of New Balance's infringing activities in an amount to be proven at trial.

77.     New Balance's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins New Balance's infringing activities under 35 U.S.C. § 283.

78.     On information and belief, New Balance's infringement of the '511 patent will continue unless enjoined by this Court.

## EIGHTH CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,924,758)

79.     Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–78 of this Complaint.

80.     U.S. Patent No. 9,924,758 (the "'758 patent") is generally directed to an article of footwear that includes an upper comprising a knit textile element at least partially defining a forefoot region and a heel region with knit columns of the knit textile element have a knitting direction parallel to the longitudinal axis between the forefoot region and the heel region; a non-textile element secured to the heel region of the upper; and a plurality of strips of non-textile material that are spaced apart and parallel to each other on a lateral side of the upper.

81.     For example, claim 1 of the '758 patent recites:

An upper for an article of footwear, the upper comprising:

a knit textile element having knit edges free of surrounding textile structure such that the knit edges are not surrounded by textile structure from which the textile element must be removed, the knit element at least partially defining a forefoot region and a heel region and having a longitudinal axis extending between the forefoot region and the heel region, wherein knit columns of the knit textile element have a knitting direction parallel to the longitudinal axis between the forefoot region and the heel region;

a non-textile element secured to a first portion of the knit textile element defining the heel region of the upper; and

a plurality of strips of non-textile material secured to a second portion of the knit textile element on a lateral side of the upper, the strips of non-textile material being spaced apart and parallel to each other on the lateral side.

82.   On information and belief, New Balance directly infringes at least claim 1 of the '758 patent under at least § 271(a) by making, using, offering for sale, and/or selling footwear products that infringe one or more claims of the '758 patent, literally or under the doctrine of equivalents.  For example, New Balance sells at least the Fresh Foam X 1080 v12, Tekela v4 Pro FG, Tekela v4 Pro Low FG,  Furon V7 Pro FG, Furon V6+ Pro FG, and FuelCell SuperComp Elite v3 (the "'758 Infringing Products"), which, as shown in greater detail in Exhibit 20 attached hereto, contain, on information and belief, an upper for an article of footwear, the upper comprising a knit textile element having knit edges free of surrounding textile structure such that the knit edges are not surrounded by textile structure from which the textile element must be removed, the knit element at least partially defining a forefoot region and a heel region and having a longitudinal axis extending between the forefoot region and the heel region, wherein knit columns of the knit textile element have a knitting direction parallel to the longitudinal axis between the forefoot region and the heel region, a non-textile element secured to a first portion of the knit textile element defining the heel region of the upper, and a plurality of strips of non-textile material secured to a

23

second portion of the knit textile element on a lateral side of the upper, the strips of non-textile material being spaced apart and parallel to each other on the lateral side.

83.   On information and belief, New Balance has actively induced and is actively inducing infringement of at least claim 1 of the '758 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce infringement, in violation of 35 U.S.C. § 271(b).  For example, on information and belief, New Balance encourages and induces its third-party manufacturer(s) to manufacture or import the '758 Infringing Products. As a further example, on information and belief, New Balance encourages and induces its "Authorized New Balance Dealers," wholesale customers, and distributor customers to sell, offer to sell, or import the '758 Infringing Products.

84.   Nike has suffered, and continues to suffer, economic harm as a result of New Balance's infringing activities in an amount to be proven at trial.

85.   New Balance's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins New Balance's infringing activities under 35 U.S.C. § 283.

86.   On information and belief, New Balance's infringement of the '758 patent will continue unless enjoined by this Court.

## NINTH CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 11,707,105)

87.   Nike re-alleges and incorporates by reference the allegations set forth in paragraphs 1–86 of this Complaint.

88.   U.S. Patent No. 11,707,105 (the "'105 patent") is generally directed to an article of footwear having a knitted component including an upper and an integral knit ankle cuff, where the upper and the ankle cuff are formed as a one-piece knit element.

89.    For example, claim 15 of the '105 patent recites:

A soccer shoe having a plurality of ground-engaging cleat members, the soccer shoe comprising:

an upper comprising a knitted component, the knitted component extending through a forefoot region, a midfoot region, a heel region, a lateral side, a medial side, and an instep area extending between the lateral side and the medial side, wherein the instep area is joined through knitting to each of the lateral side and the medial side of the upper;

a plurality of outer lace apertures disposed at a first location along the instep area on each of the lateral side and the medial side of the upper;

a plurality of inner lace apertures disposed at a second location along the instep area on each of the lateral side and the medial side of the upper, wherein the second location is located more inward toward a middle of the upper than the first location;

a lace that extends through an inner lace aperture of the plurality of inner lace apertures on the medial side of the upper, extends under the knitted component along an interior surface of the upper, and then exits the knitted component through an outer lace aperture of the plurality of outer lace apertures on the medial side of the upper, wherein after exiting the knitted component through the outer lace aperture on the medial side of the upper, the lace extends across the instep area along an exterior surface of the upper and extends through an inner lace aperture of the plurality of inner lace apertures on the lateral side of the upper, extends under the knitted component along the interior surface of the upper, and then exits the knitted component through an outer lace aperture of the plurality of outer lace apertures on the lateral side of the upper; and

a sole structure secured to the upper, the sole structure comprising the plurality of ground-engaging cleat members.

90.    On information and belief, New Balance directly infringes at least claim 15 of the '105 patent under at least § 271(a) by making, using, offering for sale, and/or selling footwear products that infringe one or more claims of the '105 patent, literally or under the doctrine of equivalents.  For example, New Balance sells at least the Tekela v4 Pro Low FG (the "'105

25

Infringing Products"), which, as shown in greater detail in Exhibit 21 attached hereto, include, on information and belief, a soccer shoe having a plurality of ground-engaging cleat members, the soccer shoe having an upper comprising a knitted component, the knitted component extending through a forefoot region, a midfoot region, a heel region, a lateral side, a medial side, and an instep area extending between the lateral side and the medial side, wherein the instep area is joined through knitting to each of the lateral side and the medial side of the upper, a plurality of outer lace apertures disposed at a first location along the instep area on each of the lateral side and the medial side of the upper, a plurality of inner lace apertures disposed at a second location along the instep area on each of the lateral side and the medial side of the upper, wherein the second location is located more inward toward a middle of the upper than the first location, a lace that extends through an inner lace aperture of the plurality of inner lace apertures on the medial side of the upper, extends under the knitted component along an interior surface of the upper, and then exits the knitted component through an outer lace aperture of the plurality of outer lace apertures on the medial side of the upper, wherein after exiting the knitted component through the outer lace aperture on the medial side of the upper, the lace extends across the instep area along an exterior surface of the upper and extends through an inner lace aperture of the plurality of inner lace apertures on the lateral side of the upper, extends under the knitted component along the interior surface of the upper, and then exits the knitted component through an outer lace aperture of the plurality of outer lace apertures on the lateral side of the upper, and a sole structure secured to the upper, the sole structure comprising the plurality of ground-engaging cleat members.

91.     On information and belief, New Balance has actively induced and is actively inducing infringement of at least claim 15 of the '105 patent with specific intent to induce infringement, and/or willful blindness to the possibility that its acts induce infringement, in

violation of 35 U.S.C. § 271(b). For example, on information and belief, New Balance encourages and induces its third-party manufacturer(s) to manufacture or import the '105 Infringing Products. As a further example, on information and belief, New Balance encourages and induces its "Authorized New Balance Dealers," wholesale customers, and distributor customers to sell, offer to sell, or import the '105 Infringing Products.

92.     Nike has suffered, and continues to suffer, economic harm as a result of New Balance's infringing activities in an amount to be proven at trial.

93.     New Balance's activities have caused and will continue to cause Nike irreparable injury for which there is no adequate remedy at law unless this Court enjoins New Balance's infringing activities under 35 U.S.C. § 283.

94.     On information and belief, New Balance's infringement of the '105 patent will continue unless enjoined by this Court.

## JURY DEMAND

95.     Pursuant to Federal Rule of Civil Procedure 38(b), Nike hereby demands a jury trial on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Nike respectfully requests that this Court enter judgment against New Balance and grant the following relief:

A.     The entry of judgment in favor of Nike and against New Balance;

B.     A finding that the New Balance has infringed claims of the following U.S. Patents under 35 U.S.C. § 271(a), (b), and/or (g): U.S. Patent Nos. 8,266,749, 8,898,932, 9,060,562, 9,510,636, 9,730,484, 9,907,350, 9,918,511, 9,924,758, and 11,707,105.

C.      An award of damages against New Balance adequate to compensate Nike for the

infringement, but in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284,

together with prejudgment interest and post-judgment interest and costs;

D.      A finding that New Balance's infringement is and has been willful, and a judgment

that Nike is entitled to discretionary enhancement of its damages and other relief as provided by

35 U.S.C. § 284.

E.      A permanent injunction prohibiting further infringement by New Balance, and each

of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees,

and all persons in active concert or participation with it; and

F.      Such other relief that Nike is entitled to under law and any other and further relief

that this Court or a jury may deem just and proper.


Dated:  November 6, 2023


By:  */s/ Fred Kelly*

Fred Kelly (Bar No. 544046)
fred.kelly@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
200 Clarendon St., 53rd Floor
Boston, Massachusetts 02116
Telephone: (617) 351-8050

Christopher J. Renk (*pro hac vice* to be filed)
Chris.Renk@arnoldporter.com
Michael J. Harris (*pro hac vice* to be filed)
Michael.Harris@arnoldporter.com
Aaron Bowling (*pro hac vice* to be filed)
Aaron.Bowling@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4231
Telephone: (312) 583-2300

Lindsey C. Staubach (*pro hac vice* to be filed)
lindsey.staubach@arnoldporter.com
Kathleen P. Duffy (*pro hac vice* to be filed)

kathleen.duffy@arnoldporter.com
Miranda Hallett (*pro hac vice* to be filed)
miranda.hallett@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-6745

*Attorneys for Plaintiff Nike, Inc.*