## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NIKE, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:23-cv-12666-JEK |
| NEW BALANCE ATHLETICS, INC., | **JURY TRIAL REQUESTED** |
| Defendant. | |

## DEFENDANT NEW BALANCE ATHLETICS, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant New Balance Athletics, Inc. ("New Balance") hereby responds to Plaintiff Nike, Inc.'s ("Nike") Complaint for Infringement ("Complaint") as follows. New Balance denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may follow from the admitted facts. New Balance denies that Nike is entitled to the relief requested in the Complaint or any other relief.

1.      New Balance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2.      New Balance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3.      New Balance admits that Nike has brought the following actions: *Nike, Inc. v. PUMA North America, Inc.*, Case No. 1:18-cv-10875 (D. Mass.); *Nike, Inc. v. adidas AG et al.*, Case No. 3:21-cv-01780-YY (D. Or.); *In re: Certain Knitted Footwear*, Inv. No. 337-TA-1289 (U.S.I.T.C.); *Nike, Inc. v. lululemon usa inc.*, Case No. 1:23-cv-00771-JPO (S.D.N.Y.).  New

1

Balance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies them.

4.      Denied.

## THE PARTIES

5.      New Balance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6.      New Balance admits that New Balance Athletics, Inc. is a Massachusetts corporation with its principal place of business at 100 Guest Street, Boston, Massachusetts 02135 and that it operates retail stores, advertises, markets, distributes, and/or sells retail merchandise in Boston, Massachusetts.  New Balance denies any remaining allegations in Paragraph 6.

## JURISDICTION AND VENUE

7.      This paragraph states legal conclusions to which no response is required.  If a response is required, New Balance admits that the Complaint purports to be for a patent infringement action.  New Balance does not contest that this Court has subject-matter jurisdiction to hear this action.  New Balance denies any remaining allegations in Paragraph 7.

8.      This paragraph states legal conclusions to which no response is required.  If a response is required, New Balance does not contest personal jurisdiction for the purposes of this action.  New Balance denies any remaining allegations in Paragraph 8.

9.      This paragraph states legal conclusions to which no response is required.  If a response is required, New Balance does not contest venue for the purposes of this action only.  New Balance denies any remaining allegations in Paragraph 9.

## FACTUAL BACKGROUND

10.      New Balance is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 10 and therefore denies them.

11.    This paragraph states legal conclusions to which no response is required.  If a response is required, New Balance admits that Nike purports to own U.S. Patent Nos. 8,266,749 (the "'749 Patent"); 8,898,932 (the "'932 Patent"); 9,060,562 (the "'562 Patent"); 9,510,636 (the "'636 Patent"); 9,730,484 (the "'484 Patent"); 9,907,350 (the "'350 Patent"); 9,918,511 (the "'511 Patent"); 9,924,758 (the "'758 Patent"); 11,707,105 ("the "'105 Patent") (collectively, the "Asserted Patents").  New Balance admits that Exhibit 4 of the Complaint purports to be a copy of the '749 Patent.  New Balance admits that the '749 Patent has a "Date of Patent" of September 18, 2012.  New Balance admits that Exhibit 5 of the Complaint purports to be a copy of the '932 Patent.  New Balance admits that the '932 Patent has a "Date of Patent" of December 2, 2014. New Balance admits that Exhibit 6 of the Complaint purports to be a copy of the '562 Patent.  New Balance admits that the '562 Patent has a "Date of Patent" of June 23, 2015.  New Balance admits that Exhibit 7 of the Complaint purports to be a copy of the '636 Patent.  New Balance admits that the '636 Patent has a "Date of Patent" of December 6, 2016.  New Balance admits that Exhibit 8 of the Complaint purports to be a copy of the '484 Patent.  New Balance admits that the '484 Patent has a "Date of Patent" of August 15, 2017.  New Balance admits that Exhibit 9 of the Complaint purports to be a copy of the '350 Patent.  New Balance admits that the '350 Patent has a "Date of Patent" of March 6, 2018.  New Balance admits that Exhibit 10 of the Complaint purports to be a copy of the '511 Patent.  New Balance admits that the '511 Patent has a "Date of Patent" of March 20, 2018.  New Balance admits that Exhibit 11 of the Complaint purports to be a copy of the '758 Patent.  New Balance admits that the '758 Patent has a "Date of Patent" of March 27, 2018.  New Balance admits that Exhibit 12 of the Complaint purports to be a copy of the '105 Patent.  New Balance admits that the '105 Patent has a "Date of Patent" of July 25, 2023.  New Balance denies

any remaining allegations in Paragraph 11.

12.     This paragraph states legal conclusions to which no response is required.  If a response is required, New Balance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies them.

13.     New Balance admits that Exhibit 1 of the Complaint purports to be a copy of a January 31, 2023 letter from Nike to New Balance.  New Balance denies any remaining allegations in Paragraph 13.

14.     New Balance admits that Exhibit 2 of the Complaint purports to be a copy of a March 3, 2023 letter from Nike to New Balance.  New Balance denies any remaining allegations in Paragraph 14.

15.     New Balance admits that Exhibit 3 of the Complaint purports to be a copy of a September 1, 2023 letter from Nike to New Balance.  New Balance denies any remaining allegations in Paragraph 15.

16.     This paragraph states legal conclusions to which no response is required.  If a response is required, New Balance denies the allegations in Paragraph 16.

17.     Denied.

18.     This paragraph states legal conclusions to which no response is required.  If a response is required, New Balance admits that it sells products through its e-commerce website, https://www.newbalance.com.  New Balance denies the remaining allegations in Paragraph 18.

19.     Denied.

20.     Denied.

### FIRST CLAIM FOR RELIEF
### ([Alleged] Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 8,266,749)

21.     New Balance incorporates by reference herein its responses to Paragraphs 1-20 as

set forth above.

22.     This paragraph states legal conclusions to which no response is required.   If a response is required, New Balance denies the allegations in Paragraph 22.

23.     New Balance admits that Paragraph 23 purports to quote claim 1 of the '749 Patent.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

<u>**SECOND CLAIM FOR RELIEF**</u>
<u>**([Alleged] Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 8,898,932)**</u>

30.     New Balance incorporates by reference herein its responses to Paragraphs 1-29 as set forth above.

31.     This paragraph states legal conclusions to which no response is required.   If a response is required, New Balance denies the allegations in Paragraph 31.

32.     New Balance admits that Paragraph 32 purports to quote claim 11 of the '932 Patent.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

### THIRD CLAIM FOR RELIEF
### ([Alleged] Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,060,562)

38.     New Balance incorporates by reference herein its responses to Paragraphs 1-37 as set forth above.

39.     This paragraph states legal conclusions to which no response is required.  If a response is required, New Balance denies the allegations in Paragraph 39.

40.     New Balance admits that Paragraph 40 purports to quote claim 1 of the '562 Patent.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

### FOURTH CLAIM FOR RELIEF
### ([Alleged] Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,510,636)

47.     New Balance incorporates by reference herein its responses to Paragraphs 1-46 as set forth above.

48.     This paragraph states legal conclusions to which no response is required.  If a response is required, New Balance denies the allegations in Paragraph 48.

49.     New Balance admits that Paragraph 49 purports to quote claim 1 of the '636 Patent.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

### FIFTH CLAIM FOR RELIEF
### ([Alleged] Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,730,484)

55.     New Balance incorporates by reference herein its responses to Paragraphs 1-54 as set forth above.

56.     This paragraph states legal conclusions to which no response is required.  If a response is required, New Balance denies the allegations in Paragraph 56.

57.     New Balance admits that Paragraph 57 purports to quote claim 1 of the '484 Patent.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

### SIXTH CLAIM FOR RELIEF
### ([Alleged] Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,907,350)

63.     New Balance incorporates by reference herein its responses to Paragraphs 1-62 as set forth above.

64.     This paragraph states legal conclusions to which no response is required.  If a response is required, New Balance denies the allegations in Paragraph 64.

65.     New Balance admits that Paragraph 65 purports to quote claim 1 of the '350 Patent.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

## SEVENTH CLAIM FOR RELIEF
### ([Alleged] Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,918,511)

71.     New Balance incorporates by reference herein its responses to Paragraphs 1-70 as set forth above.

72.     This paragraph states legal conclusions to which no response is required.   If a response is required, New Balance denies the allegations in Paragraph 72.

73.     New Balance admits that Paragraph 73 purports to quote claim 1 of the '511 Patent.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

## EIGHTH CLAIM FOR RELIEF
### ([Alleged] Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,924,758)

79.     New Balance incorporates by reference herein its responses to Paragraphs 1-78 as set forth above.

80.     This paragraph states legal conclusions to which no response is required.   If a response is required, New Balance denies the allegations in Paragraph 80.

81.     New Balance admits that Paragraph 81 purports to quote claim 1 of the '758 Patent.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

## NINTH CLAIM FOR RELIEF
### ([Alleged] Patent Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 11,707,105)

87.     New Balance incorporates by reference herein its responses to Paragraphs 1-86 as set forth above.

88.     This paragraph states legal conclusions to which no response is required.  If a response is required, New Balance denies the allegations in Paragraph 88.

89.     New Balance admits that Paragraph 89 purports to quote claim 15 of the '105 Patent.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

## JURY DEMAND

95.     New Balance admits that Nike has demanded a jury trial on all issues so triable in this action.

## PRAYER FOR RELIEF

New Balance denies the underlying allegations of Nike's Prayer for Relief against new Balance and denies that Nike is entitled to any relief sought in the prayer for relief or any relief whatsoever.

*          *          *

96.     To the extent any allegations of the Complaint have not been previously specifically admitted or denied, New Balance denies them.

9

## **AFFIRMATIVE DEFENSES**

Without prejudice to the denials set forth in this Answer, New Balance further responds to the Complaint with the defenses set forth below.  New Balance expressly reserves the right to supplement its Answer, Affirmative Defenses, and Counterclaims including the right to assert additional defenses, as more information is learned through discovery and further factual investigation in this case.  New Balance does not intend to hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Nike bears the burden of proof.

### **First Defense**
### **(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.  For example, Nike fails to plead facts sufficient to show infringement—whether directly, indirectly, literally, or nonliterally—of any valid claim of the Asserted Patents or to plead facts sufficient to show any purported infringement was willful or entitles Nike to enhanced damages.

### **Second Defense**
### **(Non-Infringement of U.S. Patent No. 8,266,749)**

New Balance has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of the '749 Patent.

### **Third Defense**
### **(Invalidity of U.S. Patent No. 8,266,749)**

The claims of the '749 Patent are invalid for failure to comply with one or more of the conditions for patentability, including, but not limited to, inventorship, utility, novelty, nonobviousness, enablement, definiteness, and written description, as set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**Fourth Defense**
**(Non-Infringement of U.S. Patent No. 8,898,932)**

New Balance has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of the '932 Patent.

**Fifth Defense**
**(Invalidity of U.S. Patent No. 8,898,932)**

The claims of the '932 Patent are invalid for failure to comply with one or more of the conditions for patentability, including, but not limited to, inventorship, utility, novelty, nonobviousness, enablement, definiteness, and written description, as set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**Sixth Defense**
**(Non-Infringement of U.S. Patent No. 9,060,562)**

New Balance has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of the '562 Patent.

**Seventh Defense**
**(Invalidity of U.S. Patent No. 9,060,562)**

The claims of the '562 Patent are invalid for failure to comply with one or more of the conditions for patentability, including, but not limited to, inventorship, utility, novelty, nonobviousness, enablement, definiteness, and written description, as set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**Eight Defense**
**(Non-Infringement of U.S. Patent No. 9,510,636)**

New Balance has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of the '636 Patent.

### Ninth Defense
### (Invalidity of U.S. Patent No. 9,510,636)

The claims of the '636 Patent are invalid for failure to comply with one or more of the conditions for patentability, including, but not limited to, inventorship, utility, novelty, nonobviousness, enablement, definiteness, and written description, as set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Tenth Defense
### (Non-Infringement of U.S. Patent No. 9,730,484)

New Balance has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of the '484 Patent.

### Eleventh Defense
### (Invalidity of U.S. Patent No. 9,730,484)

The claims of the '484 Patent are invalid for failure to comply with one or more of the conditions for patentability, including, but not limited to, inventorship, utility, novelty, nonobviousness, enablement, definiteness, and written description, as set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Twelfth Defense
### (Non-Infringement of U.S. Patent No. 9,907,350)

New Balance has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of the '350 Patent.

### Thirteenth Defense
### (Invalidity of U.S. Patent No. 9,907,350)

The claims of the '350 Patent are invalid for failure to comply with one or more of the conditions for patentability, including, but not limited to, inventorship, utility, novelty, nonobviousness, enablement, definiteness, and written description, as set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Fourteenth Defense
### (Non-Infringement of U.S. Patent No. 9,918,511)

New Balance has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of the '511 Patent.

### Fifteenth Defense
### (Invalidity of U.S. Patent No. 9,918,511)

The claims of the '511 Patent are invalid for failure to comply with one or more of the conditions for patentability, including, but not limited to, inventorship, utility, novelty, nonobviousness, enablement, definiteness, and written description, as set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Sixteenth Defense
### (Non-Infringement of U.S. Patent No. 9,924,758)

New Balance has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of the '758 Patent.

### Seventeenth Defense
### (Invalidity of U.S. Patent No. . 9,924,758)

The claims of the '758 Patent are invalid for failure to comply with one or more of the conditions for patentability, including, but not limited to, inventorship, utility, novelty, nonobviousness, enablement, definiteness, and written description, as set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Eighteenth Defense
### (Non-Infringement of U.S. Patent No. 11,707,105)

New Balance has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of the '105 Patent.

**Nineteenth Defense**
**(Invalidity of U.S. Patent No. 11,707,105)**

The claims of the '105 Patent are invalid for failure to comply with one or more of the conditions for patentability, including, but not limited to, inventorship, utility, novelty, nonobviousness, enablement, definiteness, and written description, as set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**Twentieth Defense**
**(Limitation of Damages and Costs)**

Nike's claim for damages and costs under Title 35 of the United States Code is limited, in whole or in part, by one or more of 35 U.S.C. §§ 286, 287, and 288.

**Twenty-First Defense**
**(No Exceptional Case)**

Nike cannot prove that this is an exceptional case justifying an award of attorneys' fees against New Balance pursuant to 35 U.S.C. § 285.

**Twenty-Second Defense**
**(No Willful Infringement)**

New Balance has not willfully infringed any claim of the Asserted Patents.

**Twenty-Third Defense**
**(No Injunctive Relief)**

No basis exists for the grant of equitable relief because Nike has an adequate remedy at law, any alleged harm is not immediate or irreparable, the balance of the hardships favors no injunction, and the public interest would not be served by an injunction.

**Twenty-Fourth Defense**
**(Equitable Bar to Relief)**

The equitable doctrines of acquiescence, estoppel including prosecution history estoppel, laches, unclean hands, and/or waiver bar some or all of Nike's claims for damages and other relief.

**Reservation of Additional Affirmative Defenses**

New Balance reserves the right to allege additional affirmative defenses as they become known through the course of discovery. WHEREFORE, New Balance hereby demands judgment dismissing Nike's Complaint with prejudice, judgment for costs and fees of suit, and for such other relief as the Court may deem just.

**COUNTERCLAIMS**

Without admitting any of the allegations of Nike, Inc. ("Nike" or "Counterclaim Defendant"), other than those expressly admitted herein, and without prejudice to the rights of New Balance Athletics, Inc. ("New Balance" or "Counterclaim Plaintiff") to plead additional Counterclaims as the facts of the matter warrant, New Balance hereby submits these counterclaims against Nike:

**THE PARTIES**

1.      Counterclaim Plaintiff New Balance Athletics, Inc. is a Massachusetts corporation with its principal place of business at 100 Guest Street, Boston, Massachusetts 02135.

2.      On an information and belief, Counterclaim Defendant Nike, Inc. is a corporation organized under the laws of the State of Oregon with a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

**JURISDICTION AND VENUE**

3.      These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties as to the patents asserted by Nike, U.S. Patent Nos. 8,266,749; 8,898,932; 9,060,562; 9,510,636; 9,730,484; 9,907,350; 9,918,511; 9,924,758; and 11,707,105 (collectively, the "Asserted Patents").

4.      On information and belief, Nike purports to be the owner of the Asserted Patents.

5.      An actual controversy exists between New Balance and Nike about New Balance's alleged infringement of the Asserted Patents.

6.      Nike has taken actions—such as filing this action—that demonstrate the existence of a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

7.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Nike is subject to personal jurisdiction in this Court because, among other things, Nike has availed itself of this District by, among other things, filing the Complaint.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), because Nike has availed itself of this venue by filing the Complaint in this District.

## FACTUAL BACKGROUND

10.     New Balance has been in the footwear industry in Massachusetts since the early 1900s.  The company's history began with William Riley's design, manufacture, and sale of a flexible footwear arch insert in 1906.  The company delivered its first running shoe in 1938 to the Boston Brown Bag Harriers, a Boston running club.  With over a century of experience in the design and manufacture of footwear, New Balance prides itself on its rich history, commitment to quality, and innovation.  With its generational roots in the footwear industry, New Balance continues to use the traditional shoe designs and methods of manufacture that it has used for generations while developing its own innovative technology.  New Balance develops and manufactures its products using a combination of long-standing designs and manufacturing processes in combination with new, innovative New Balance technology.  New Balance owns and operates footwear manufacturing facilities in the Northeast including in Massachusetts and Maine.

11.     Between January 2023 and September 2023, Nike and New Balance corresponded regarding Nike's allegation that New Balance infringes certain of the Asserted Patents.

12.     On February 14, 2023, New Balance responded to Nike's January 31, 2023 letter to, in part, explain that the accused New Balance shoes do not infringe the identified patents. Ex. A, Letter from Dewar to Fogarty.  In particular, with respect to Nike's allegations that New Balance infringes the '350, '511, and '758 Patents, New Balance stated that the patents "are limited to knit elements that have not been cut from a larger textile web." *Id*. at 3.  New Balance further explained that the "upper components incorporated into the identified New Balance shoes, and shoes within the same category, are formed as an oversized textile element that is then cut for incorporation into the shoe."  New Balance explained that it had not identified any New Balance shoes that had knit uppers manufactured without cutting the uppers from a larger surrounding textile structure.

13.     New Balance's assertion that its products do not infringe the '350, '511, and '758 Patents rests in part on the Federal Circuit's interpretation of identical and related claim language and Nike's own arguments about this claim language to the Patent and Trial Appeal Board and the Federal Circuit.  The '350, '511, and '758 Patents are related and are all divisions of U.S. Patent Application No. 10/791,289, now U.S. Patent No. 7,347,011 (the "'011 Patent"), filed on March 3, 2004.  The '350, '511, and '758 Patents all share a common specification with the '011 Patent. The '011 Patent was the subject of an *Inter Partes Review* ("IPR") at the Patent Trial and Appeal Board ("PTAB") which was appealed to the Federal Circuit in *Nike, Inc. v. Adidas AG*, 812 F.3d 1326, 1329 (Fed. Cir. 2016).

14.     In connection with the *Nike, Inc. v. Adidas* appeal, Nike argued that: the term "flat knit edges" could not reasonably be construed to encompass "cut" edges and that "the '011 Patent

actually discloses knit-to-shape uppers." Ex. B, Reply Brief for Appellant Nike, Inc. at 22–23, *Nike, Inc. v. Adidas AG*, 812 F.3d 1326 (Fed. Cir. 2016) (No. 2014-1719). The Federal Circuit agreed in addressing the limitations of the '011 Patent, namely the recitation of the flat knit textile element of the uppers having "flat knit edges free of surrounding textile structure." *Nike, Inc.*, 812 F.3d. at 1335. As a matter of law, the Federal Circuit held that:

> This claim language demonstrates that the scope of this claim is limited to a flat-knit textile element where the flat knit edges have not been removed, or cut, from a surrounding textile structure. An interpretation that included a flat-knit textile element that has been cut from a larger textile web would contradict the express claim language.

*Id*. at 1346.

15.     Further, Nike distinguished its claimed technology from "prior art materials, where the shoe upper was cut from a larger web of material, thus requiring additional cutting processes and resulting in significant wasted material." Ex. C, Brief for Appellant Nike, Inc. at 2, *Nike, Inc. v. Adidas AG*, 812 F.3d 1326 (Fed. Cir. 2016) (No. 2014-1719).

16.     In its February 14, 2023 letter, New Balance also explained that the shoes accused of infringing the '932 Patent were not manufactured by "thermally bonding" a skin layer to a knitted component but rather using adhesives to attach various elements of material to the uppers of the shoe, a method of manufacturing that has been well known in the shoemaking industry for decades. *See* Ex. A at 2. New Balance further cited the language from the '932 Patent which describes thermal bonding as "a securing technique between two elements that involves a softening or melting of a thermoplastic material within at least one of the elements such that the materials of the elements are secured to each other when cooled." *See* Ex. A at 2 (citing '932 Patent at 11:60-65). In fact, Nike amended the claims of the '932 Patent in order to distinguish the claims from

the prior art by reciting "thermally bonded" and cited, in part, that language as support for the amendment.

17.     On March 7, 2023, New Balance responded to Nike's March 3, 2023 letter.  Ex. D, Letter from Dewar to Fogarty.

18.     Nike has alleged New Balance's track spike the FuelCell MD-X  infringes claim 15 of the '105 Patent which is directed to a "soccer shoe," not track spikes as Nike has alleged. *See* Exhibit 21 to the Complaint at 1.

<u>**COUNTERCLAIM I**</u>
<u>**(Declaratory Judgment of Non-Infringement of the '749 Patent)**</u>

19.     New Balance repeats and realleges Paragraphs 1-18 of its Counterclaims as if fully set forth herein.

20.     Nike alleges in the Complaint that New Balance's Fresh Foam X 860 v13, Fresh Foam X More v4, FuelCell SuperComp Trainer, FuelCell Rebel v3, FuelCell Propel v4, Fresh Foam More Trail v3, XC Seven v4, FuelCell SuperComp XC-X, and FuelCell SD100 v5 ("the '749 Accused Products") infringe at least independent claim 1 of the '749 Patent.

21.     The '749 Patent discloses forming "a knitted textile element to include a first area and a second area with a unitary construction" with the first area being formed of a first stitch configuration, and the second area being formed of a second stitch configuration that is different from the first stitch configuration to impart varying textures to a surface."  The Patent Trial and Appeal Board has explained that "texture" in this context "is a non-smooth surface formed while simultaneously knitting a textile element with a surrounding textile structure."  Ex. A at 3-4.  The '749 Patent discloses that "smooth" is a simple knit where "non-smooth" is a rib or other "rough" knits.  As explained in at least New Balance's February 14, 2023 letter, New Balance's fabrics do not use contrasting distinct smooth and rough textures in the manner described and claimed in the

'749 Patent. For at least these reasons, the '749 Accused Products are not covered by the '749 Patent claims.

22.     New Balance has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '749 Patent and therefore is not liable for infringement.

23.     New Balance therefore is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '749 Patent.

**COUNTERCLAIM II**
**(Declaratory Judgment of Invalidity of the '749 Patent)**

24.     New Balance repeats and realleges Paragraphs 1-23 of its Counterclaims as if fully set forth herein.

25.     One or more claims of the '749 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, U.S.C. and/or Title 37, C.F.R., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112, at least because they do not claim patentable subject matter and because one or more prior art references, individually or in combination, teach the claimed elements or limitations.

26.     Because an actual and justiciable controversy exists concerning the validity of the '749 Patent, this Court should declare that the '749 Patent is invalid.

**COUNTERCLAIM III**
**(Declaratory Judgment of Non-Infringement of the '932 Patent)**

27.     New Balance repeats and realleges Paragraphs 1-26 of its Counterclaims as if fully set forth herein.

28.     Nike alleges in the Complaint that New Balance's Tekela v4 Pro FG, Tekela v4 Pro Low FG, Tekela v4 Magia FG, Tekela v3+ Pro FG, FuelCell SuperComp Elite v3, FuelCell Propel

v4, FuelCell SuperComp XC-X, FuelCell SD100 v5, and XC Seven v4 ("the '932 Accused Products") infringe independent claim 11 of the '932 Patent.

29.     The '932 Patent discloses an article of footwear having a knitted component and "a skin layer that is thermally bonded to the knitted component."  The '932 Patent defines thermally bonded as "a securing technique between two elements that involves a softening or melting of a thermoplastic polymer material within at least one of the elements such that the materials of the elements are secured to each other when cooled."  '932 Patent at 11:60-65.  As explained in New Balance's February 14, 2023 letter, New Balance's products are not manufactured by thermally bonding a skin layer to a knitted component but rather using adhesives to attach various elements of material to the uppers of the shoe, a method of manufacturing that has been well known in the shoemaking industry for decades.  For at least these reasons, the '932 Accused Products are not covered by the '932 Patent claims.

30.      New Balance has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '932 Patent and therefore is not liable for infringement.

31.     New Balance therefore is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '932 Patent.

**COUNTERCLAIM IV**
**(Declaratory Judgment of Invalidity of the '932 Patent)**

32.     New Balance repeats and realleges Paragraphs 1-31 of its Counterclaims as if fully set forth herein.

33.     One or more claims of the '932 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, U.S.C. and/or Title 37, C.F.R., including but not

limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112, at least because they do not claim patentable subject matter and because one or more prior art references, individually or in combination, teach the claimed elements or limitations.

34.     Because an actual and justiciable controversy exists concerning the validity of the '932 Patent, this Court should declare that the '932 Patent is invalid.

**COUNTERCLAIM V**
**(Declaratory Judgment of Non-Infringement of the '562 Patent)**

35.     New Balance repeats and realleges Paragraphs 1-34 of its Counterclaims as if fully set forth herein.

36.     Nike alleges in the Complaint that New Balance's FuelCell SuperComp Elite v3 ("the '562 Accused Product") infringes independent claim 1 of the '562 Patent.

37.     The '562 Patent discloses a method of manufacturing an article of footwear comprising, in part, "knitting an integral knit tongue that is of unitary knit construction with the upper with the knitting machine, the integral knit tongue extending through a throat area of the knitted component and; wherein the integral knit tongue is joined by knitting with the knitting machine to: (1) a forward portion of the throat area, and (2) at least along a portion of both of a lateral side and a medial side of the throat area of the knitted component…."  The '562 Accused Product does not have an integral knit tongue joined by knitting with the knitting machine to a forward portion and at least along a portion of both of a lateral side and a medial side of the throat area.  For at least these reasons, the '562 Accused Product are not covered by the '562 Patent claims.

38.     New Balance has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '562 Patent and therefore is not liable for infringement.

39.     New Balance therefore is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '562 Patent.

## COUNTERCLAIM VI
### (Declaratory Judgment of Invalidity of the '562 Patent)

40.     New Balance repeats and realleges Paragraphs 1-39 of its Counterclaims as if fully set forth herein.

41.     One or more claims of the '562 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, U.S.C. and/or Title 37, C.F.R., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112, at least because they do not claim patentable subject matter and because one or more prior art references, individually or in combination, teach the claimed elements or limitations.

42.     Because an actual and justiciable controversy exists concerning the validity of the '562 Patent, this Court should declare that the '562 Patent is invalid.

## COUNTERCLAIM VII
### (Declaratory Judgment of Non-Infringement of the '636 Patent)

43.     New Balance repeats and realleges Paragraphs 1-42 of its Counterclaims as if fully set forth herein.

44.     Nike alleges in the Complaint that New Balance's FuelCell SuperComp Elite v3 ("the '636 Accused Product") infringes independent claim 1 of the '636 Patent.

45.     The '636 Patent discloses an article of footwear comprising an integral knit tongue "wherein the integral knit tongue is joined to a forward portion of the throat area and at least along a portion of a lateral side and a medial side of the throat area."  The '636 Accused Product do not have an integral knit tongue joined to a forward portion and at least along a portion of both of a

lateral side and a medial side of the throat area.  For at least these reasons, the '636 Accused Product are not covered by the '636 Patent claims.

46.     New Balance has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '636 Patent and therefore is not liable for infringement.

47.     New Balance therefore is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '636 Patent.

### COUNTERCLAIM VIII
### (Declaratory Judgment of Invalidity of the '636 Patent)

48.     New Balance repeats and realleges Paragraphs 1-47 of its Counterclaims as if fully set forth herein.

49.     One or more claims of the '636 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, U.S.C. and/or Title 37, C.F.R., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112, at least because they do not claim patentable subject matter and because one or more prior art references, individually or in combination, teach the claimed elements or limitations.

50.     Because an actual and justiciable controversy exists concerning the validity of the '636 Patent, this Court should declare that the '636 Patent is invalid.

### COUNTERCLAIM IX
### (Declaratory Judgment of Non-Infringement of the '484 Patent)

51.     New Balance repeats and realleges Paragraphs 1-50 of its Counterclaims as if fully set forth herein.

52.     Nike alleges in the Complaint that New Balance's Fresh Foam X 1080 v12, Fresh

Foam X Vongo v5, Fresh Foam X 1080 UNLACED, Fresh Foam X 860 v13, Fresh Foam X More v4, FuelCell SuperComp Trainer, FuelCell MD-X, FuelCell Rebel v3, Tekela v3+ Pro FG, Tekela v4 Magia FG, Tekela v4 Pro FG, Tekela v4 Pro Low FG, Furon V7 Pro FG, Furon V6+ Pro FG, FuelCell SuperComp Elite v3, FuelCell Propel v4, Fresh Foam More Trail v3, XC Seven v4, FuelCell SuperComp XC-X, Fresh Foam X Evoz v3 Slip Resistant, and FuelCell SD100 v5 ("the '484 Accused Products") infringe independent claim 1 of the '484 Patent.

53. The '484 Patent discloses an article of footwear comprising a flat-knitted element including a first layer having: "a central portion having a domed, three-dimensional structure configured for extending over the top of a foot." The '484 Patent also discloses that the "domed, three-dimensional structure shaped to extend above the plane of the first side portion and the second side portion when the flat-knitted element is in a flattened configuration." The '484 Accused Products are formed from a warp-knit element, not a flat-knitted element and/or do not have the central domed portion disclosed by the '484 Patent. For at least these reasons, the '484 Accused Products are not covered by the '484 Patent claims.

54. New Balance has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '484 Patent and therefore is not liable for infringement.

55. New Balance therefore is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '484 Patent.

## COUNTERCLAIM X
### (Declaratory Judgment of Invalidity of the '484 Patent)

56. New Balance repeats and realleges Paragraphs 1-55 of its Counterclaims as if fully set forth herein.

57.     One or more claims of the '484 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, U.S.C. and/or Title 37, C.F.R., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112, at least because they do not claim patentable subject matter and because one or more prior art references, individually or in combination, teach the claimed elements or limitations.

58.     Because an actual and justiciable controversy exists concerning the validity of the '484 Patent, this Court should declare that the '484 Patent is invalid.

**COUNTERCLAIM XI**
**(Declaratory Judgment of Non-Infringement of the '350 Patent)**

59.     New Balance repeats and realleges Paragraphs 1-58 of its Counterclaims as if fully set forth herein.

60.     Nike alleges in the Complaint that New Balance's Fresh Foam X 1080 v12, Fresh Foam X Vongo v5, Fresh Foam X 1080 UNLACED, Fresh Foam X Evoz v3 Slip Resistant, and FuelCell SuperComp Elite v3 (the '350 Accused Products") infringe independent claim 1 of the '350 Patent.

61.     The '350 Patent discloses an "upper for an article of footwear, the upper comprising: a flat knit textile element having (1) flat knit edges free of surrounding textile structure such that the knit edges are not surrounded by textile structure from which the textile element must be removed."  As explained in at least New Balance's February 14, 2023, the '350 Accused Products are formed as an oversized textile element that is then cut for incorporation into the shoes. The textile elements in the '350 Accused Products are *not* "free of surrounding textile structure" and therefore need to be cut from their surrounding textile structure.  For at least these reasons, the '350 Accused Products are not covered by the '350 Patent claims.

62.     New Balance has not infringed, is not infringing, and will not infringe, directly or

indirectly, literally or under the doctrine of equivalents, any claim of the '350 Patent and therefore is not liable for infringement.

63.     New Balance therefore is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '350 Patent.

## COUNTERCLAIM XII
### (Declaratory Judgment of Invalidity of the '350 Patent)

64.     New Balance repeats and realleges Paragraphs 1-63 of its Counterclaims as if fully set forth herein.

65.     One or more claims of the '350 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, U.S.C. and/or Title 37, C.F.R., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112, at least because they do not claim patentable subject matter and because one or more prior art references, individually or in combination, teach the claimed elements or limitations.

66.     Because an actual and justiciable controversy exists concerning the validity of the '350 Patent, this Court should declare that the '350 Patent is invalid.

## COUNTERCLAIM XIII
### (Declaratory Judgment of Non-Infringement of the '511 Patent)

67.     New Balance repeats and realleges Paragraphs 1-66 of its Counterclaims as if fully set forth herein.

68.     Nike alleges in the Complaint that New Balance's Fresh Foam X 1080 v12, Fresh Foam X Vongo v5, Fresh Foam X 1080 UNLACED, FuelCell SuperComp Trainer, FuelCell MD-X, Tekela v4 Magia FG, Tekela v4 Pro FG, Tekela v4 Pro Low FG, FuelCell SuperComp Elite v3, Fresh Foam X Evoz v3 Slip Resistant ("the '511 Accused Products") infringe independent claim

1 of the '511 Patent.

69.     The '511 Patent discloses an "upper for an article of footwear, the upper comprising: a flat knit textile element comprising (1) flat knit edges free of surrounding textile structure such that the flat knit edges are not surrounded by textile structure from which the textile element must be removed."  As explained in at least New Balance's February 14, 2023, the '511 Accused Products are formed as an oversized textile element that is then cut for incorporation into the shoes.  The textile elements in the '511 Accused Products are *not* "free of surrounding textile structure" and therefore need to be cut from their surrounding textile structure.  For at least these reasons, the '511 Accused Products are not covered by the '511 Patent claims.

70.     New Balance has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '511 Patent and therefore is not liable for infringement.

71.     New Balance therefore is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '511 Patent.

## COUNTERCLAIM XIV
### (Declaratory Judgment of Invalidity of the '511 Patent)

72.     New Balance repeats and realleges Paragraphs 1-71 of its Counterclaims as if fully set forth herein.

73.     One or more claims of the '511 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, U.S.C. and/or Title 37, C.F.R., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112, at least because they do not claim patentable subject matter and because one or more prior art references, individually or in combination, teach the claimed elements or limitations.

74.     Because an actual and justiciable controversy exists concerning the validity of the '511 Patent, this Court should declare that the '511 Patent is invalid.

**COUNTERCLAIM XV**
**(Declaratory Judgment of Non-Infringement of the '758 Patent)**

75.     New Balance repeats and realleges Paragraphs 1-74 of its Counterclaims as if fully set forth herein.

76.     Nike alleges in the Complaint that New Balance's Fresh Foam X 1080 v12, Tekela v4 Pro FG, Tekela v4 Pro Low FG, Furon V7 Pro FG, Furon V6+ Pro FG, and FuelCell SuperComp Elite v3 ("the '758 Accused Products") infringe independent claim 1 of the '758 Patent.

77.     The '758 Patent discloses an "upper for an article of footwear, the upper comprising: a knit textile element having knit edges free of surrounding textile structure such that the knit edges are not surrounded by textile structure from which the textile element must be removed."  As explained in at least New Balance's February 14, 2023, the '758 Accused Products are formed as an oversized textile element that is then cut for incorporation into the shoes.  The textile elements in the '758 Accused Products are *not* "free of surrounding textile structure" and therefore need to be cut from their surrounding textile structure.  For at least these reasons, the '758 Accused Products are not covered by the '758 Patent claims.

78.     New Balance has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '758 Patent and therefore is not liable for infringement.

79.     New Balance therefore is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '758 Patent.

## COUNTERCLAIM XVI
### (Declaratory Judgment of Invalidity of the '758 Patent)

80.     New Balance repeats and realleges Paragraphs 1-79 of its Counterclaims as if fully set forth herein.

81.     One or more claims of the '758 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, U.S.C. and/or Title 37, C.F.R., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112, at least because they do not claim patentable subject matter and because one or more prior art references, individually or in combination, teach the claimed elements or limitations.

82.     Because an actual and justiciable controversy exists concerning the validity of the '758 Patent, this Court should declare that the '758 Patent is invalid.

## COUNTERCLAIM XVII
### (Declaratory Judgment of Non-Infringement of the '105 Patent)

83.     New Balance repeats and realleges Paragraphs 1-82 of its Counterclaims as if fully set forth herein.

84.     Nike alleges in the Complaint that New Balance's Tekela v4 Pro Low FG and FuelCell MD-X ("the '105 Accused Products") infringe at least independent claim 15 of the '105 Patent.

85.     The '105 Patent discloses "a soccer shoe having a plurality of ground-engaging cleat members" and a lacing arrangement including a "plurality of outer lace apertures" and a "plurality of inner lace apertures" disposed on both the lateral and medial side of the upper, and a lace extending through those apertures in a specific arrangement.  As an example, the '105 Accused Products include New Balance's track spike, the FuelCell MD-X, which is not a "soccer shoe" as claim 15 of the '105 Patent plainly covers.  *See* Ex. 21 to Complaint.  For at least these

reasons, the FuelCell MD-X is not covered by the '105 Patent claims.

86.     New Balance has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '758 Patent and therefore is not liable for infringement.

87.     New Balance therefore is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '758 Patent.

## COUNTERCLAIM XVIII
### (Declaratory Judgment of Invalidity of the '105 Patent)

88.     New Balance repeats and realleges Paragraphs 1-87 of its Counterclaims as if fully set forth herein.

89.     One or more claims of the '105 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, U.S.C. and/or Title 37, C.F.R., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112, at least because they do not claim patentable subject matter and because one or more prior art references, individually or in combination, teach the claimed elements or limitations.

90.     Because an actual and justiciable controversy exists concerning the validity of the '105 Patent, this Court should declare that the '105 Patent is invalid.

## EXCEPTIONAL CASE

91.     On information and belief, this is an exceptional case entitling New Balance to an award of attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of Nike's assertion of the Asserted Patents against New Balance with the knowledge that New Balance does not infringe any valid or enforceable claim of the Accused Patents and/or that the Accused Patents are invalid or unenforceable.

## PRAYER FOR RELIEF

92.     Wherefore, New Balance respectfully requests that the Court enter judgment in its favor and against Nike as follows:

93.     dismissing the Complaint with prejudice;

94.     declaring that New Balance does not infringe, contribute to the infringement of, or induce infringement of any claim of the Asserted Patents;

95.     declaring that the claims of the Asserted Patents are invalid and/or unenforceable;

96.     permanently enjoining Nike, its successors, assigns, and others from asserting the Asserted Patents against New Balance or its related entities with respect to the Accused Products and any other product currently or previously made, used, imported, sold and/or offered for sale by New Balance or its related entities;

97.     declaring that this is an exceptional case under 35 U.S.C. § 285;

98.     awarding New Balance its costs and attorneys' fees; and

99.     any further necessary and proper relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

New Balance hereby requests trial by jury of all issues in this action so triable.


Dated: August 27, 2024                          Respectfully submitted,


                                                /s/ Douglas J. Kline
                                                Douglas J. Kline (BBO# 556680)
                                                GOODWIN PROCTER LLP
                                                100 Northern Avenue
                                                Boston, MA  02210
                                                Tel.:  (617) 570-1209
                                                Fax: (617) 649-1466
                                                dkline@goodwinlaw.com

Amadou K. Diaw (*pro hac vice*)
Jacqueline Genovese Bova (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N St. NW
Washington, DC 20036
Tel.: (202) 346-4191
Fax: (202) 204 7272
adiaw@goodwinlaw.com
jbova@goodwinlaw.com

*Counsel for Defendant New Balance Athletics, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the above document was filed on August 27, 2024,

through the ECF system and will be sent electronically to the registered participants as identified

on the Notice of Electronic Filing (NEF).


Dated: August 27, 2024                    By: *<u>/s/ Douglas J. Kline</u>*
                                           Douglas J. Kline