**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NIKE, INC., **)** | |
| **)** | |
| Plaintiff, Counter-Defendant **)** | |
| **)** | Case No. 1:23-cv-12666-JEK |
| vs. **)** | |
| **)** | |
| NEW BALANCE ATHLETICS, INC., **)** | |
| **)** | |
| Defendant, Counter-Plaintiff. **)** | |
| **)** | |

**SCHEDULING ORDER**

KOBICK, J.

      This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

**Timetable for Discovery and Motion Practice**

      Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1. The parties have conferred pursuant to Fed. R. Civ. P. 26(f) and L. R. 16.1(b).

2. The parties do not consent to conducting all further proceedings before a United States Magistrate Judge.

3. **Initial Disclosures**. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by **September 17, 2024.**

4. **Amendments to Pleadings**. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.

5. **Settlement.**

    a. Nike submitted a written settlement proposal to New Balance on September 9, 2024 pursuant to L. R. 16.1(c).

    b. The Parties and their counsel have conferred in accordance with L. R. 16.1(d)(3)(A) and L.R. 16.1(d)(3)(B). The Parties do not believe that the use of alternative dispute resolution is appropriate at this time. Certifications signed by counsel and an authorized representative of each party are attached as Exhibits A and B.

6. **Fact Discovery – Interim Deadlines**.

    a. Interrogatories, requests for production, and requests for admission, pursuant to Fed. R. Civ. P. 33, 34, and 36, may be served beginning **September 3, 2024.** The Parties agree to the following limits on discovery:

        i. 10 party depositions,

        ii. 25 interrogatories, and

        iii. 50 requests for admission (except for requests that seek an admission as to the authenticity of a particular document or thing).

    b. All requests for production of documents and interrogatories must be served by **30 days prior to the close of fact discovery.**

    c. All requests for admission must be served by **30 days prior to the close of fact discovery.**

    d. All depositions, other than expert depositions, must be completed by **the close of fact discovery.** The Parties agree that depositions may be videotaped.

    e. The Parties do not agree to bifurcated or phased discovery in this action.

7. **Obligation to Supplement.** Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

8. **Final Fact Discovery Deadline**. All discovery, other than expert discovery, must be completed by **December 19, 2025** or 60 days after the Court's *Markman* Order, whichever is later.

9. **Status Conference**. A status conference will be held on remotely **January 7, 2026 at 10:00 a.m.** By January 5, 2026, [two days prior to the status conference], the parties shall file a status report indicating the current status of the case, including whether the parties intend to seek expert discovery and/or intend to file any dispositive motions, whether the parties are interested in mediation, as well as any other matter relevant to the progress of the case.

10. **Preliminary Disclosures.**

    a. <u>Patentee's Preliminary Patent-Related Disclosures</u>: Patentee shall complete disclosures required by L. <u>R. 16.6(d)(1)</u> by **October 14, 2024.**

    b. <u>Conference Concerning Patentee's Preliminary Patent Disclosures</u>: The Parties shall meet and confer pursuant to L. <u>R. 16.6(d)(2)</u> by **November 4, 2024.**

    c. <u>Accused Infringer's Preliminary Production</u>: Accused infringer shall complete the disclosures required by L. <u>R. 16.6(d)(4)</u> by **December 19, 2024.**

11. **Claim Construction Proceedings.**

    a. <u>Exchange of Proposed Terms and Proposed Constructions</u>: The Parties shall exchange terms and constructions in accordance with L.<u>R. 16.6(e)(1)(A)</u> on **January 21, 2025.**

    b. <u>Meet and Confer Regarding Exchanged Terms</u>: The Parties shall meet and confer in accordance with L. <u>R. 16.6(e)(1)(B)</u> on **January 28, 2025**.

    c. <u>Joint Disputed Claim Terms Chart</u>: The Parties shall submit a joint disputed claim terms chart no later than **February 4, 2025.**

    d. <u>Opening Claim Construction Briefs and Expert Declarations</u>: The Parties shall submit opening claim construction briefs and supporting expert declarations on **February 25, 2025.**

    e. <u>Claim Construction Expert Depositions</u>: The Parties shall conduct expert claim construction depositions by **March 18, 2025.**

    f. <u>Responsive Claim Construction Briefs</u>: The Parties shall submit responsive claim construction briefs by **March 27, 2025.**

    g. <u>Claim Construction Tutorial</u>: The Parties shall follow Local Rule 16.6(e)(6), and shall exchange and submit a claim construction tutorial if the Court so requests.

    h. <u>Markman Hearing</u>: The *Markman* hearing will be held on **June 20, 2025, at 10:00 a.m.** in Courtroom 3 on the 3rd floor.

12. **Expert Discovery**.

    a. Opening Expert Reports for which a party bears the burden of proof shall be exchanged **30 days after the close of fact discovery.**

    b. Rebuttal Expert Reports for which a party does not bear the burden of proof shall be exchanged **30 days after the exchange of Opening Expert Reports.**

   c.   Expert discovery, including expert depositions, shall be completed within **90 days of the close of fact discovery.**

13. **Summary Judgment & Daubert Motions**.

   a.   Motions for summary judgment, motions for judgment on the pleadings, and Daubert motions, must be filed no later than **30 days after the close of expert discovery.**

   b.   Oppositions to summary judgment motions, motions for judgment on the pleadings, and Daubert motions, must be filed within 21 days after service of the motions.

14. **Initial and Pretrial Conferences**. The initial pretrial conference will be scheduled at a later point in the proceedings. The parties must prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). The trial date will normally be set at the initial pretrial conference. A final pretrial conference will be scheduled at the time the trial date is set. The court may also schedule interim pretrial conferences in appropriate cases.

15. **Trial**.

   a.   This case is to be tried by a jury.

   b.   The Parties shall submit a trial brief, including requests for rulings or instructions, 7 days before the commencement of trial.

16. **Concise Summary of Positions.**

   a.   Plaintiff's concise summary: Nike brought this suit on November 6, 2023, alleging that New Balance infringes U.S. Patent Nos. 8,266,749; 8,898,932; 9,060,562; 9,510,636; 9,730,484; 9,907,350; 9,918,511; 9,924,758; and 11,707,105 ("Asserted Patents"). Nike accuses various New Balance footwear products of infringement, as set forth in Nike's Complaint. ECF No. 1. Nike seeks an entry of judgment against New Balance, an award of damages adequate to compensate Nike for New Balance's infringement, a finding that New Balance's infringement has been willful, and a permanent injunction as to any of lululemon's products that are found to infringe unexpired Asserted Patents.

   b.   Defendant's concise summary:  On January 25, 2024, New Balance filed a motion to dismiss Nike's complaint of infringement as to three of the Asserted Patents, based in part on the Federal Circuit's previous interpretation of the claims of these patents.  After New Balance's motion to dismiss was denied, New Balance filed its Answers and Counterclaims denying Nike's infringement

allegations and asserting that the Asserted Patents are invalid and not infringed. New Balance denies that it has willfully infringed the asserted patents and denies that Nike is entitled to any of the relief it seeks, including its request for damages and a permanent injunction.

17. Other issues to be addressed at the Initial Scheduling Conference:

    a.  For the Court's convenience a chart setting forth the parties' proposals for dates is attached as Exhibit C.

### Procedural Provisions

1. **Extension of Deadlines**. All requests to extend or modify deadlines must be made by motion and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent. The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion. Motions to extend or modify deadlines will be granted only for good cause shown.

   Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.

2. **Motions to Compel or Prevent Discovery**. Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

3. **Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed eight pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4. **Status Conferences**. The Court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

5.  **Additional Conferences**. Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6.  **Early Resolution of Issues**. The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7.  **Pretrial Conference**. Lead trial counsel are required to attend any pretrial conference.

Date: 9/23/2024

_____
United States District Judge

Dated: September 16, 2024

/s/ Michael J. Harris
Fred Kelly (Bar No. 544046)
fred.kelly@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
200 Clarendon St., 53rd Floor
Boston, Massachusetts 02116
Telephone: (617) 351-8050

Christopher J. Renk (*pro hac vice*)
Chris.Renk@arnoldporter.com
Michael J. Harris (*pro hac vice*)
Michael.Harris@arnoldporter.com
Aaron Bowling (*pro hac vice*)
Aaron.Bowling@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4231
Telephone: (312) 583-2300

Lindsey C. Staubach (*pro hac vice)*
lindsey.staubach@arnoldporter.com
Kathleen P. Duffy (*pro hac vice*)
kathleen.duffy@arnoldporter.com
Miranda Hallett (*pro hac vice*)
miranda.hallett@arnoldporter.com
Joseph M. Galvin (*pro hac vice*)
Joe.Galvin@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-6745

*Counsel for Plaintiff Nike, Inc.*

/s/ Douglas J. Kline
Douglas J. Kline (BBO# 556680)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1209
Fax: (617) 649-1466
dkline@goodwinlaw.com

Amadou K. Diaw (*pro hac vice*)
Jacqueline G. Bova (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N St. NW
Washington, DC 20036
Tel.: (202) 346-4191
Fax: (202) 204 7272
adiaw@goodwinlaw.com
jbova@goodwinlaw.com

*Counsel for Defendant New Balance Athletics, Inc.*

dkline@goodwinlaw.com

Amadou K. Diaw (pro hac vice)
Jacqueline G. Bova (pro hac vice)
GOODWIN PROCTER LLP
1900 N St. NW
Washington, DC 20036
Tel.: (202) 346-4191
Fax: (202) 204 7272
adiaw@goodwinlaw.com
jbova@goodwinlaw.com

*Counsel for Defendant New Balance Athletics, Inc.*

# EXHIBIT C

| Event | Nike's Proposal | New Balance's Proposal |
|---|---|---|
| Interrogatories, Requests for Production, and Requests for Admission may be served | Tuesday, September 3, 2024 | |
| Protective Order | Monday, September 16, 2024 | |
| ESI Order | Monday, October 7, 2024 | |
| Patentee's Preliminary Patent-Related Disclosures | Monday, October 14, 2024 | |
| Conference Concerning Patentee's Preliminary Patent-Related Disclosures | Monday, November 4, 2024 | |
| Accused Infringer's Preliminary Production | Thursday, December 19, 2024 | |
| Parties Exchange List of Terms and Proposed Constructions | Tuesday, January 21, 2025 | |
| Meet and Confer Regarding Exchanged Terms | Tuesday, January 28, 2025 | |
| Joint Disputed Claim Terms Chart | Tuesday, February 4, 2025 | |
| Opening Claim Construction Briefs / Expert Declarations | Tuesday, February 25, 2025 | |
| Complete Claim Construction Expert Depositions | Tuesday, March 18, 2025 | |
| Responsive Claim Construction Briefs | Tuesday, March 27, 2025 | |
| Claim Construction Tutorial | Date to be set if requested by the Court | |
| *Markman* Hearing | Monday, June 20, 2025 at 10:00 a.m. | |
| Close of Fact Discovery | Friday, December 19, 2025, or 60 days after the Court's *Markman* Order, whichever is later. | |
| Opening Expert Reports | 30 days after the Close of Fact Discovery | |

| Event | Nike's Proposal | New Balance's Proposal |
|---|---|---|
| Rebuttal Expert Reports | 30 days after the Exchange of Opening Expert Reports | |
| Close of Expert Discovery | Within 90 days of the Close of Fact Discovery | |
| Dispositive Motion & *Daubert* Motion Opening Briefs Deadline | 30 days after the Close of Expert Discovery | |
| Dispositive Motion & *Daubert* Motion Opposition Briefs Deadline | 21 days after Dispositive Motion & Daubert Motion Opening Briefs Deadline | |
| Pretrial Disclosures | No later than 28 days before the Final Pretrial Conference | |
| Objections to Evidence | Prior To Meet and Confer before Pretrial Memorandum | |
| Meet and Confer before Pretrial Memorandum | Set by the Court | |
| Joint Pretrial Memorandum | Set by the Court | |
| Pretrial Conference | Set by Court | |
| Trial Brief | Set by the Court | |
| Trial Date | Set by Court | |